

**THOMAS EVANS**
(617) 721-9139
evans@confortolaw.com

July 28, 2021

*Via Fedex (Return Receipt)*
CT Corporation (registered agent)
W8 Media Corp.
10474 Santa Monica Boulevard, Suite 200
Los Angeles, CA 90025

Re:   *Benjamin Sack v. W8 Media Corp., et. al.*
      **Middlesex Superior Court, Civil Action 2181-CV-1032**

Dear Registered Agent for W8 Media Corp.:

This office represents Benjamin Sack in connection with the above-referenced matter.

We are writing to serve you (as an agent of W8 Media Corp.), pursuant to Massachusetts General Laws, Chapter 223A, Section 6(a)(3), with the enclosed summons, complaint and civil action cover sheet in the above-referenced matter.

Thank you for your attention to this matter.

Sincerely yours,

*/s/ Thomas W. Evans*

THOMAS W. EVANS

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court  |
|---|---|---|
| | | COUNTY: Middlesex Superior Court (Cambridge) |

| Plaintiff: Benjamin Sack | Defendant: Hubrick Limited |
|---|---|
| ADDRESS: 120 Reedy Meadow Road<br>Groton, MA | ADDRESS: W8 Media Corp., Etaia, AS, Odinson Corp. and Heimdal, Inc. |
| Plaintiff Attorney: Thomas Evans | Defendant Attorney: |
| ADDRESS: Conforto Law Group, P.C.<br>20 Park Plaza, Suite 1115<br>Boston, MA 02110 | ADDRESS: |
| BBO: 552820 | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Agreement | F | ☐ YES  ☒ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?  ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below) — $0.00

RECEIVED 5/8/2021

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below) — $6,600,000.00

Unpaid wages: $2,200,000.00 (trebled).   Retaliatory damages TBD.

TOTAL (A-F): $6,600,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Unpaid wages under the Massachusetts Wage Act (to be trebled); and damages for retaliation under the Wage Act - to be determined.

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Defendants failed to pay compensation due under plaintiff's Employment Agreement. | $2,200,000.00 |
| | Total | $2,200,000.00 |

Signature of Attorney/Unrepresented Plaintiff: X  Thomas W. Evans        Date: May 8, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X  Thomas W. Evans        Date: May 8, 2021

SC0001: 1/22/2021                    www.mass.gov/courts                    Date/Time Printed:05-08-2021 14:43:02

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/Non-residential | (F) |

### RP Real Property

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

### SO Sex Offender Review

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES    ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| MIDDLESEX, SS | SUPERIOR COURT<br>CIVIL ACTION NO. |

BENJAMIN SACK )
    Plaintiff, )
)
v. )
)
W8 MEDIA, CORP., HUBRICK LIMITED, )
ETAIA AS, ODINSON CORP., AND )
HEIMDAL, INC. )
)
    Defendants )

**RECEIVED**

5/8/2021

## COMPLAINT

### Parties

1. Plaintiff, Benjamin Sack ("Mr. Sack"), is an individual who resides at 120 Reedy Meadow Road in Groton, Massachusetts.

2. Defendant, Hubrick Limited ("Hubrick"), is a United Kingdom company that does business in the United States.

3. Defendant, Etaia AS, is a Norwegian corporation and is affiliated with Hubrick.

4. Defendant, Odinson Corp. is, on information and belief, a wholly owned subsidiary of Hubrick

    a. Defendant, W8 Media, Corp. is a California corporation and is, on information and belief, a wholly owned subsidiary of Odinson Corp.

5. Defendant, Heimdal, Inc., is, on information and belief, a wholly owned subsidiary of Hubrick.

## Facts

6. On or about June 10, 2018, the Defendants offered to hire Mr. Sack as Chief Technology Officer ("CTO").

7. On June 11, 2018, Mr. Sack accepted the offer of employment as Chief Technology Officer.

8. The terms of Mr. Sack's employment (the "Employment Terms") were set forth in a letter agreement dated May 31, 2018, signed on June 10, 2018 and June 11, 2018 (the "Employment Agreement").

9. The Employment Terms included payment, in equal monthly installments over a three-year period from the date of hiring, totaling two million dollars ($2,000,000.00), which the Employment Agreement referred to as "Additional Compensation."

10. The Employment Terms also provided that if Mr. Sack terminated his employment with "Good Reason" or if the Defendants terminated his employment without "Cause," Mr. Sack was entitled to immediate payment of any remaining portion of the Additional Compensation plus eight months of salary continuation ("Severance Pay").

11. The Defendants breached the Employment Agreement in July of 2018 when they failed to pay Mr. Sack any portion whatsoever of the Additional Compensation owed to Mr. Sack per the terms of the parties' Employment Agreement.

12. On August 11, 2018, Mr. Sack provided written notice to the Defendants, that he had "Good Reason" to terminate the Employment Agreement because the Defendants had

breached the Agreement by failing to pay any portion of the Additional Compensation owed to him ("August 11, 2018 Notice").

13. The Defendants did not cure their breach of the Employment Agreement.

14. On August 23, 2018, the Defendants – by a letter from its counsel, Loeb & Loeb – purported to terminate Mr. Sack's employment. Contrary to the terms of the Employment Agreement, the Defendants did not provide Mr. Sack an opportunity to cure any alleged breach of the Employment Agreement.

15. The August 23, 2018 letter from Loeb & Loeb purporting to terminate Mr. Sack's employment rendered any further notice by Mr. Sack of the termination for Good Reason referred to in his August 11, 2018 Notice, futile and unnecessary.

16. The Defendants further breached the Employment Agreement by failing to pay Mr. Sack the entire amount owed of the Additional Compensation, and by failing to pay Mr. Sack the Severance Pay.

17. Mr. Sack filed a complaint with the Massachusetts Attorney General's Office regarding the defendants' violation of the Massachusetts Wage Act.

### COUNT ONE (against All Defendants)
### (Violation of M.G.L.c. 149, §148 for Failure to Pay Wages)

18. Plaintiff repeats the allegations set forth above.

19. Defendants are each employers within the meaning of M.G.L. c.149, §148.

20. Beginning on June 11, 2018 and at all relevant times, Mr. Sack was an employee of Defendants within the meaning of M.G.L. c.149, §148.

21. M.G.L. c.149, §148 requires that employers pay employees all wages due to them in a timely manner.

3

22. Defendants failed to pay Mr. Sack the wages identified in the Employment Agreement as Additional Compensation.

23. Defendants' failure to pay Mr. Sack his wages is a violation of the Massachusetts Wage Act.

24. As a result of Defendants' failure to pay Mr. Sack his wages, he has suffered damages in an amount to be determined, including without limitation unpaid wages (trebled), interest, litigation costs and reasonable attorneys' fees.

## COUNT TWO (against All Defendants)
## (Violation of M.G.L.c. 149, §148A for Retaliation)

25. Plaintiff repeats the allegations set forth above.

26. Defendants are each employers within the meaning of M.G.L. c.149, §148.

27. Beginning on June 11, 2018 and at all relevant times, Mr. Sack was an employee of Defendants within the meaning of M.G.L. c.149, §148.

28. On August 11, 2018, Mr. Sack notified Defendants that they had failed to pay him his wages.

29. Less than two weeks later, Defendants retaliated against Mr. Sack by terminating his employment.

30. Defendants' conduct violated the anti-retaliation provisions of M.G.L. c.149, §148A

31. As a result of Defendants' retaliation, Mr. Sack suffered damages in an amount to be determined, including without limitation, litigation costs and reasonable attorneys' fees.

## COUNT THREE (against All Defendants)
## (Breach of Contract)

32. Plaintiff repeats the allegations set forth above.

33. Defendants failed to pay Mr. Sack certain wages, including Additional Compensation and Severance Pay as contractually obligated to do so pursuant to the terms of the Employment Agreement.

34. By failing to pay Mr. Sack his full wages, Defendants breached its contractual obligations to Mr. Sack.

35. Mr. Sack suffered financial harm as a result of Defendants' contractual breaches.

## COUNT FOUR (against All Defendants)
## (Unjust Enrichment)

36. Plaintiff repeats the allegations set forth above.

37. In exchange for the benefit of Mr. Sack's professional services in his role as CTO, Defendants agreed to pay Plaintiff certain wages, including Additional Compensation and Severance Pay.

38. During his employment, Mr. Sack provided professional services to Defendants in his role as CTO.

39. Defendants had knowledge of, appreciated, and accepted the benefits associated with Mr. Sack's professional services as CTO.

40. Defendants failed to pay Mr. Sack certain wages, including Additional Compensation and Severance Pay.

41. If Defendants are permitted to retain the wages that Mr. Sack earned in exchange for his professional services as CTO, they will have been unjustly enriched at Mr. Sack's expense.

42. . It would be inequitable to allow Defendants to accept and retain the benefits of Mr. Sack's professional services as CTO without payment for its value.

**WHEREFORE,** Plaintiff, Benjamin Sack, respectfully requests the following relief:

1. **Entry of judgment in his favor and against all Defendants in the amount of all wages due, trebled, plus interest, costs and reasonable attorneys' fees;**
2. **Entry of judgment in his favor and against all Defendants in the amount of all damages Benjamin Sack sustained as a result of Defendants' breach of contract and unjust enrichment and**
3. **Entry of such other relief as this Court deems just.**

Respectfully submitted,
Benjamin Sack
by his attorneys,

/s/ Thomas W. Evans
Thomas W. Evans, BBO#552820
evans@confortolaw.com
CONFORTO LAW GROUP, P.C.
20 Park Plaza, Suite 1115
Boston, MA 02116
Telephone: (617) 721-9139

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __2181- CV- 1032__

__Benjamin Suck__, PLAINTIFF(S),

V.

__Hubrick Limited; Etain AS__, DEFENDANT(S)
__Odinson Corp.; W8 Media Corp.;__
__Heimdal, Inc.__

SUMMONS

THIS SUMMONS IS DIRECTED TO __W8 Media Corp.__ . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Middlesex Superior__ Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your **signed original** response with the Clerk's Office for Civil Business, __Middlesex__ Court, __Superior__, __200 Trade Ct. Dr.__ (address), by mail or in person, **AND** __Woburn, MA 01801__
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: __Conforto Law Group, P.C. - 20 Park Plaza, Suite 1115- Boston, MA 02110__

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20___.

Michael A. Sullivan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____, 20___    Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

, 20___